UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOSES LEE PORTER,

                Plaintiff,

v.                              Case No. 13-10707

COMMISSIONER OF SOCIAL      HON. TERRENCE G. BERG
SECURITY,                          HON. R. STEVEN WHALEN
                Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation of February 26, 2014 (Dkt. 11), recommending that Plaintiff's motion for summary judgment be denied, that Defendant's motion for summary judgment be granted, and that the findings and conclusions of the Commissioner be affirmed.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the Report and Recommendation. 28 U.S.C. § 636(b)(1). Plaintiff filed timely objections (Dkt. 22) to the Report and Recommendation. A district court must conduct a de novo review of the parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court has reviewed Magistrate Judge Whalen's Report and Recommendation, and Plaintiff's objections thereto. For the reasons set forth below, Plaintiff's objections are OVERRULED, and the Report and Recommendation is ACCEPTED and ADOPTED as the opinion of the Court.

## ANALYSIS

**A. The Social Security Act**

The Social Security Act (the Act) "entitles benefits to certain claimants who, by virtue of a medically determinable physical or mental impairment of at least a year's expected duration, cannot engage in 'substantial gainful activity.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 42 U.S.C. § 423(d)(1)(A)). A claimant qualifies as disabled "if []he cannot, in light of her age, education, and work experience, 'engage in any other kind of substantial gainful work which exists in the national economy.'" *Combs*, 459 F.3d at 642 (quoting 42 U.S.C. § 423(d)(2)(A)).

Under the authority of the Act, the Social Security Administration (SSA) has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The five steps are as follows:

> In step one, the SSA identifies claimants who "are doing substantial gainful activity" and concludes that these claimants are not disabled. [20 C.F.R.] § 404.1520(a)(4)(i). If claimants get past this step, the SSA at step two considers the "medical severity" of claimants' impairments, particularly whether such impairments have lasted or will last for at least twelve months. *Id.* § 404.1520(a)(4)(ii). Claimants with impairments of insufficient duration are not disabled. *See id.* Those with impairments that have lasted or will last at least twelve months proceed to step three.

> At step three, the SSA examines the severity of claimants' impairments but with a view not solely to their duration but also to the degree of affliction imposed. *Id.* § 404.1520(a)(4)(iii). Claimants are conclusively presumed to be disabled if they suffer from an infirmity that appears on the SSA's special list of impairments, or that is at least equal in severity to those listed. *Id.* § 404.1520(a)(4)(iii), (d). The list identifies and defines impairments that are of sufficient severity as to prevent any gainful activity. *See Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). A person with such an impairment or an equivalent, consequently, necessarily satisfies the statutory definition of disability. For such claimants, the process ends at step three. Claimants with lesser impairments proceed to step four.
>
> In the fourth step, the SSA evaluates claimant's "residual functional capacity," defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). Claimants whose residual functional capacity permits them to perform their "past relevant work" are not disabled. *Id.* § 404.1520(a)(4)(iv), (f). "Past relevant work" is defined as work claimants have done within the past fifteen years that is "substantial gainful activity" and that lasted long enough for the claimant to learn to do it. *Id.* § 404.1560(b)(1). Claimants who can still do their past relevant work are not disabled. Those who cannot do their past relevant work proceed to the fifth step, in which the SSA determines whether claimants, in light of their residual functional capacity, age, education, and work experience, can perform "substantial gainful activity" other than their past relevant work. *See id.* § 404.1520(a)(4)(v), (g)(1). Claimants who can perform such work are not disabled. *See id.*; § 404.1560(c)(1).

*Combs*, 459 F.3d at 642–43.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by h[is] impairments and the fact that []he is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). If the analysis reaches the fifth step, the burden transfers to the Commissioner. *See Combs*, 459 F.3d at 643. At that point, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given h[is] [residual functional

3

capacity or] RFC and considering relevant vocational factors." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

Judicial review of the Commissioner's final decision is authorized pursuant to 42 U.S.C. § 405(g). Where, the Appeals Council denies review, the ALJ's decision stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Judicial review, however, is circumscribed in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quotation marks omitted) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001)). This substantial evidence standard is less exacting than the preponderance of evidence standard. *See Bass*, 499 F.3d at 509 (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996)). For example, if the ALJ's decision is supported by substantial evidence, "then reversal would not be warranted even if substantial evidence would support the opposite conclusion." *Bass*, 499 F.3d at 509.

**B.     The ALJ's Decision is Supported by Substantial Evidence**

Plaintiff raises four objections to Magistrate Judge Whalen's recommendation, namely, that Magistrate Judge Whalen erred in: (1) affirming the ALJ's ruling that a brief, aborted, attempt by Plaintiff to work in construction was

4

probative of non-disability and reflected negatively on Plaintiff's credibility; (2) failing to fully account for the impact of Plaintiff's migraine headaches; (3) failing to address Plaintiff's contention that the ALJ did not adequately develop the record; and (4) failing to order a "sentence six" remand, to consider new evidence generated after the ALJ's decision, relating to Plaintiff's alleged foot problems. None of these objections warrants disturbing Magistrate Judge Whalen's recommendation.

First, as to Plaintiff's unsuccessful work attempt, the ALJ properly referenced this brief employment as a construction laborer as bearing on Plaintiff's credibility. The credibility determination, guided by Social Security Ruling[1] ("SSR") 96–7p, 1996 WL 374186 (1996) describes a two-step process for evaluating symptoms. *See Duncan v. Sec'y of Health and Human Serv's*, 801 F.2d 847, 853 (6th Cir. 1986). "First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment ... that can be shown by medically acceptable clinical and laboratory diagnostic techniques." *Id*. Second, SSR 96–7p directs that whenever a claimant's allegations regarding "the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence," the ALJ must analyze his testimony "based on a consideration of the entire case record." C.F.R. § 404.1529(c)(3) lists the

---

[1] "Social Security Rulings do not have the force and effect of law, but are 'binding on all components of the Social Security Administration' and represent 'precedent final opinions and orders and statements of policy and interpretations' adopted by the Commissioner." *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 273, n. 1 (6th Cir. 2010) (quoting 20 C.F.R. § 402.35(b)(1)). Social Security Rulings have been assumed to be binding on the Commissioner in the same way as Social Security Regulations. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 549 (6th Cir. 2004); *Ferguson*, 628 F.3d at 273, n. 1.

factors to be considered in making a credibility determination, including daily activities, "precipitating and aggravating factors," treatment received for relief of symptoms, and additional considerations relevant to functional limitations. 20 C.F.R. § 404.1529(c)(3). It was not reversible error for the ALJ to note that Plaintiff's application for employment for a strenuous construction job stood at odds with his allegations of disability. *See, e.g., Chmura v. Comm'r of Soc. Sec.*, 11-13244, 2012 WL 4486004 (E.D. Mich. Aug. 28, 2012) *report and recommendation adopted,* 2012 WL 4475517 (E.D. Mich. Sept. 27, 2012). Furthermore, this evidence was but one factor that the ALJ noted in assessing Plaintiff's credibility. The ALJ also noted that Plaintiff did not consistently seek medical treatment, was non-compliant with physical therapy and, instead, appeared to his treating physician to be "most interested in an off work note and pain pills" (Tr. 30, 279). All these conclusions by the ALJ have factual support in the record, and the ALJ's credibility determination was thus supported by substantial evidence.

As to Plaintiff's second objection, that Magistrate Judge Whalen did not fully account for Plaintiff's alleged migraines, this objection is also not well-taken. Magistrate Judge Whalen addressed Plaintiff's arguments concerning migraines, and found that the ALJ "devoted three single-spaced paragraphs to the migraine condition, noting that the condition responded well to Benadryl and Compazine" (Dkt. 21 at 16, citing Tr. 28). Plaintiff's objections do not point to any medical records related to his migraines that the ALJ allegedly ignored or misinterpreted.

Magistrate Judge Whalen's recommendation concerning the ALJ's conclusions about Plaintiff's migraines is sound.

Next, Plaintiff objects that Magistrate Judge Whalen failed to address his contention that the ALJ did not adequately develop the record. Specifically, Plaintiff argues that "the ALJ's opinion lacks any discussion of [P]laintiff's lower extremity issues, likely the result of a lack of medical evidence on the subject" (Dkt. 22 at 4). By "lower extremity issues," Plaintiff is apparently referring to his flat feet. First, this objection is belied by the ALJ's opinion, which recognized Plaintiff's flat feet as a severe impairment, and explicitly noted that Plaintiff "stated that he can walk up to one-mile before needing to stop because his feet hurt" (Tr. 26). Thus, contrary to Plaintiff's objection, the ALJ did consider and discuss Plaintiff's "lower extremity issues." As to Plaintiff's contention that the ALJ should have obtained additional medical records pertaining to his flat feet, "[t]he burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant." *Landsaw v. Sec'y Health & Human Serv's.*, 803 F.2d 211, 214 (6th Cir. 1986) (citing 20 C.F.R. §§ 416.912, 416.913(d)). However, "special circumstances" exist "when a claimant is (1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures ...." *Wilson v. Comm'r Soc. Sec.*, 280 Fed. App'x 456, 459 (6th Cir. 2008) (citing *Lashley v. Sec'y Health & Human Servs.*, 708 F.2d 1048, 1051–52 (6th Cir.1983)). In such a case, "an ALJ has a special, heightened duty to develop the record." *Id*. "To satisfy this special duty," the Sixth Circuit instructs,

"the administrative law judge must scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts. He must be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Lashley*, 708 F.2d at 1052 (internal citations and quotation marks omitted). In this case, Plaintiff has not demonstrated that "special circumstances" exist, sufficient to give rise to a "special, heightened duty" on the ALJ to develop the record. Plaintiff was represented by counsel during the hearing, and does not argue that he was somehow incapable of presenting an effective case or unfamiliar with the hearing procedures. Plaintiff also objects that the ALJ should have ordered a consultative examination. The regulations governing Social Security claims specify that "[a]n ALJ has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary." *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001) (citing 20 C.F.R. §§ 404.1517, 416.917). While the ALJ has the responsibility make a full inquiry into the issues before rendering a decision, 20 C.F.R. § 416.1444, in expounding upon this duty, the Sixth Circuit adopted the following statement from the Fifth Circuit in explaining how this responsibility impacts an ALJ's decision whether to request a consultative examination:

> "Full inquiry" does not require a consultative examination at government expense unless the record establishes that such an examination is necessary to enable the administrative law judge to make the disability decision. In appellant's case, the evidence in the record upon which the administrative law judge based his denial of benefits fully developed the facts necessary to make that determination. The evidence supports the conclusion that appellant is not disabled ...

8

*Landsaw v. Sec'y of Health and Human Serv's*, 803 F.2d 211, 214 (6th Cir. 1986) (citing *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977)). In the instant case, the ALJ was not compelled to seek a consultative examination because such an examination was not necessary in order for the ALJ to make a decision regarding Plaintiff's disability application. The medical evidence, and Plaintiff's own testimony, supported the ALJ's decision. Thus, despite the absence of a consultative examination, the record was sufficient.

Finally, Plaintiff objects that Magistrate Judge Whalen did not order a "sentence six" remand, for consideration of additional medical records pertaining to Plaintiff's feet. Specifically, Plaintiff requests that this case be remanded so that the ALJ can consider a January 3, 2011 report from Dr. Christoher Tisdel of the Michigan International Foot and Ankle Center (Dkt. 16, Ex. 1). This report diagnosed Plaintiff with "[b]ilateral congenital pes plano valgus alignment with hyper pronation [i.e., flat feet]," and "[p]robable bilateral tarsal tunnel syndrome." *Id*. Dr. Tisdel did not place any particular restrictions on Plaintiff, due to this diagnosis, but he did recommend an "EMG nerve conduction study." The record before the Court does not indicate whether such a follow-up study was done.

Plaintiff did not previously submit Dr. Tisdel's report the ALJ, but did submit it to the Appeals Council. Evidence submitted to the Court after the close of administrative proceedings cannot be considered for purposes of substantial evidence review. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Similarly, where the claimant presents new evidence to the Appeals Council, but the Appeals

9

Council declines to review the ALJ's decision, that new evidence may not be considered during review on the merits. *See Cotton v. Sullivan*, 2 F.3d 692, 695–96 (6th Cir. 1993). Instead, the new evidence can be considered only for purposes of remand pursuant to "sentence six" of 42 U.S.C. § 405(g), which authorizes the Court to remand a case for further administrative proceedings "if the claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). "New evidence is cumulative and not sufficient to warrant remand if it relates to an issue already fully considered by the Commissioner ... [A]dditionally, evidence that a Plaintiff's health has deteriorated since the Commissioner's decision is not material to that application, and the appropriate remedy is to file a new application." *Farler v. Astrue*, 10–657, 2011 WL 3715047, at *6 (S.D. Ohio July 29, 2011) (citations omitted). The evidence is material "only if there is a 'reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.'" *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (quoting *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)); *see also Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007) ("Material evidence is evidence that would likely change the Commissioner's decision").

A sentence six remand is not warranted in this case. First, Plaintiff has not established "good cause" for the failure to submit records regarding his foot condition prior to the administrative decision. Plaintiff characterized the newly

submitted material as an "attempt[] to cure" the ALJ's "error" in failing to develop the record. However, he provided no cause for his own failure to obtain treatment or a referral to a specialist to assess this condition before the ALJ's November 2010 decision. Second, the ALJ credited Plaintiff's allegations of foot pain by limiting him to four hours walking each day for no more than half an hour at a time (Tr. 24). Because Dr. Tisdel's report does not suggest greater limitations than those found in the RFC, the report is not "material" insomuch as this report would not likely change the Commissioner's decision to deny Plaintiff's claim. Thus, a sentence six remand is not warranted.

## **CONCLUSION**

For the reasons set forth above,

It is hereby ORDERED that Magistrate Judge Whalen's Report and Recommendation of February 26, 2014 (Dkt. 21) is ACCEPTED and ADOPTED.

It is FURTHER ORDERED that Plaintiff's motion for summary judgment (Dkt. 16) is DENIED and Defendant's motion for summary judgment (Dkt. 20) is GRANTED.

It is FURTHER ORDERED that the findings and conclusions of the Commissioner are AFFIRMED.

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
UNITED STATES DISTRICT JUDGE

Dated: March 21, 2014

## Certificate of Service

I hereby certify that this Order was electronically submitted on March 21, 2014, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb
Case Manager